UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILBUR L. MARTIN, #242130,

        Petitioner,

v.                         CIVIL ACTION NO. 2:05cv640

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On September 20, 1996, Petitioner, Wilbur L. Martin ("Martin"), was tried and found guilty of rape and sodomy, in the Circuit Court for the City of Chesapeake, Virginia. On November 5, 1996, he was sentenced to serve twenty-five (25) years in prison for each charge, with ten (10) years suspended on each charge, as reflected in the Court's sentencing order entered on November 8,

1996.[1]

On November 19, 1996, Martin noted an appeal of his convictions with the Court of Appeals of Virginia. That appeal was denied as untimely by the Court of Appeals on January 9, 1997. On September 8, 1997, Martin filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.[2] On February 9, 1998, the Supreme Court of Virginia granted the writ limited to the issue of the denial of the right to appeal. The court granted Martin leave to file a notice of appeal and to apply to the Court of Appeals of Virginia for an appeal from the November 5, 1996 judgments. Further, the court stated that "all computations of time as required by the rules of this Court and applicable statutes shall commence on the date of entry of th[e] order [granting the writ, February 9, 1998] or [the date counsel for the appeal is appointed,] whichever date shall be later."

Martin re-filed his appeal with the Court of Appeals on May 28, 1998, alleging that the evidence at trial was insufficient to support his conviction, which was denied on the merits on September

---

[1]At trial and on appeal Martin was represented by Randall D. Smith, Esq.

[2]In that petition Martin raised the following claims:
(A)(1) Ineffective assistance of counsel for failure to appeal; (2) Ineffective assistance of counsel for ethical violations; (3) Ineffective assistance of counsel for failure to obtain a continuance; and (4) Ineffective assistance of counsel for refusing to subpoena a witness;
(B)   The trial court refused to subpoena a witness; and
(C)   The trial court was biased.

9, 1998.  Martin petitioned the Supreme Court of Virginia for an appeal on September 17, 1998, but that petition was refused on December 4, 1998.  Martin did not file an appeal with the United States Supreme Court, nor did he file a second petition for a writ of habeas corpus in the Supreme Court of Virginia.[3]

On October 17, 2005, while in the custody of the Virginia Department of Corrections at the Greensville Correctional Center, Martin executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[4]  The Court conditionally

---

[3]"A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."  Va. Code Ann. § 8.01-654(A)(2).  In this case, the date of final judgment in the trial court was November 8, 1996, when the final sentencing order was entered, and the final disposition of Martin's direct appeal in the state court was December 4, 1998, when the Supreme Court of Virginia refused the appeal.  Thus, Martin would have been required to file a state habeas petition on or before December 4, 1999, to have been be considered timely.  Martin never did file such a petition.

[4]Martin appears to have originally signed the federal petition for habeas corpus on October 16, 2005, and it was properly executed when he deposited it with prison officials for mailing on October 17, 2005.  The petition was postmarked October 17, 2005, was received by the United States District Court for the Eastern District of Virginia, Richmond, on October 18, 2005, and was conditionally filed with this Court on October 27, 2005.  The petition was accompanied by a request to proceed in forma pauperis. On November 4, 2005, the Court received Martin's prisoner account report and denied his request to proceed  in forma pauperis.  On November 10, 2005, the Court entered an Order ordering Martin to remit the $5.00 filing fee within thirty (30) days of the Order. The Court received the requisite filing fee on December 2, 2005, and by order dated December 22, 2005 the petition was filed.
    The Court notes that the United States Supreme Court

3

filed this petition on October 27, 2005.  On December 2, 2005, Martin submitted the $5.00 filing fee, and on December 22, 2005, the Court filed his petition.  On January 20, 2006, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting memorandum.  Also, on January 25, 2006, Respondent filed

---

promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in the record to the contrary, the Court will assume that Martin delivered his federal habeas petition for mailing on October 17, 2005.

Further, the Court considers Martin's petition as filed, for statute of limitations purposes, on that date.  A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee or in forma pauperis form.  See Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition.")  See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.")

a Notice of Motion Pursuant to Local Rule 7(J).[5]  On April 19,

2006, Martin filed his response to Respondent's Motion to Dismiss.[6]

### B. Grounds Alleged

Martin now asserts in this Court that he is entitled to relief

under 28 U.S.C. § 2254 for the reasons substantially as follow:

> (a)  His conviction was improper because the
> Commonwealth's witnesses committed perjury during
> his trial;

> (b)  His conviction was improper because of false
> statements made by the victim of the crimes;

> (c)  Ineffective assistance of counsel for failure to
> raise the issue that the victim allegedly exchanged
> cocaine for sex; and

> (d)  His conviction was improper because the
> Commonwealth withheld exculpatory evidence.

It does not appear that Martin raised any of these claims in

his petition for a writ of habeas corpus, filed in the Supreme

---

[5]The Court notes that Respondent's Notice of Motion erroneously
referred to the Local Rule 7(J), instead of Local Civil Rule 7(K),
but the Notice complied with the requirements of Roseboro v.
Garrison, 582 F.2d 309 (4th Cir. 1975).  This included advising
Martin that he had twenty (20) days to file a response to the
Motion to Dismiss.
   This Notice was mailed to Martin on January 24, 2006.  On
March 28, 2006, the Court entered an order granting Martin's
extension of time within which to file his response until April 27,
2006.  That order also denied Martin's request for appointment of
counsel and granted his motion to receive a copy of his petition,
both of which had been filed on January 18, 2006.

[6]This document, styled "Notice of Motion pursuant [sic] to
Orders to [sic] the Court," was construed by the Court as a
response in opposition to Respondent's motion to dismiss.  In this
response, Martin alleges that he has exhausted his state court
remedies "pertaining to his allegations by [sic] a state habeas
corpus [sic]."

Court of Virginia on September 8, 1997.

## II. **PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

As a preliminary matter, to the extent that Martin has requested an evidentiary hearing, the Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Martin's motion for an evidentiary hearing.

## III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Martin's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

### A. **Statute of Limitations**

#### 1. **Application of the AEDPA's One-Year Time Bar**

Martin's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).[7]

Ordinarily, Martin would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief.[8]  His conviction became final on March 4, 1999, which was ninety (90) days after the December 4, 1998, denial of his petition for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Therefore, without considering any tolling provisions, infra, Martin had until March 4, 2000, to file his federal petition for a writ of habeas corpus.  Martin's federal petition was not executed until October 17, 2005,[9] which was more than five (5)

---

[7]Because the Court finds that Martin's petition is time-barred, the Court declines to address Respondent's assertions that Martin's claims are exhausted and/or procedurally defaulted because he has either raised his claims in the Supreme Court of Virginia, or because he would be procedurally barred from raising such claims in the state court under Virginia's procedural rules, namely, Va. Code Ann. §§ 8.01-654(A)(2) and 8.01-654(B)(2).

[8]The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 introduced a one (1) year statute of limitations to 28 U.S.C. § 2244(d)(1).  The Fourth Circuit has held that habeas corpus petitions filed after the enactment of the AEDPA are subject to its provisions.  Breard v. Pruett, 134 F.3d 615, 618 (4th Cir. 1998).

[9]As noted supra, Martin's original federal habeas corpus petition was executed on October 17, 2005.  Though it was not filed in this Court until December 22, 2005, by application of the mailbox rule, supra, the Court considers the petition to have been filed as of the date of execution for statute of limitations purposes.

years outside the applicable limitation period.

## 2. Tolling of the Statute of Limitations

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))). This tolling provision does not, however, apply to federal habeas petitions. Duncan v. Walker, 533 U.S. 167, 172 (2001).[10]

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

_____

[10]The Supreme Court in Duncan v. Walker, 533 U.S. 167, 172 (2001), held that a federal habeas petition is not an "application for state post-conviction or other collateral review" within the meaning of § 2244(d)(2) because the word "state" applies to the entire phrase "post-conviction or other collateral review." As such, only state "other collateral review" tolls the limitation period. Id.

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period.  Id. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).[11] See also Pace v. DiGugliemo, 544 U.S. 408, 417 (2005) ("we hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)").  On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations.  Bennett, 531 U.S. at 9.

In this case, however, the record reflects that Martin never

---

[11]See also Osborn v. Dotson, 2002 WL 32443533 at * 2 (E.D. Va.) (application was not properly filed because it was submitted on improper forms, was not sworn under penalty of perjury, and did not contain a description of facts and procedural history for each claim); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).

filed a second state habeas petition after the Supreme Court of Virginia granted his writ and allowed the filing of another direct appeal with the Court of Appeals of Virginia.  No tolling of the federal statute of limitations was available for the time that Martin's state habeas petition was pending in the state court because the pendency of that petition predated the date on which his direct review period concluded.  Thus, the federal statute of limitations was never tolled, and the deadline for Martin to file his federal petition for habeas corpus remained March 4, 2000.  He was over five (5) years after and outside the limitation period when his petition was executed on October 17, 2005.

### 3. Equitable Tolling

The Court finds no grounds on which Martin's failure to timely file his federal petition for a writ of habeas corpus should be excused or that the statute of limitations should be equitably tolled.  Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).  "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000);

10

<u>Little v. United States</u>, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

In the instant case, Martin raises no circumstances whatsoever that rise to the level necessary to equitably toll the statute of limitations.  The record reflects no circumstances, much less any extraordinary circumstances, that were beyond his control or external to his conduct to excuse the late filing of his habeas petition.

Accordingly, the Court FINDS that the instant petition is time-barred and recommends that it should be DENIED.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court, having denied Martin's request for an evidentiary hearing, recommends that Martin's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Martin's claims be DISMISSED WITH PREJUDICE.

Martin has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the

11

Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                        /s/
_____   _____
                                F. Bradford Stillman
                                United States Magistrate Judge

Norfolk, Virginia

July 25, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Wilbur L. Martin, #242130
Greensville  Correctional Center
901 Corrections Way
Jarrett, Virginia 23870
PRO SE

Thomas D. Bagwell, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


Fernando Galindo,
Acting Clerk of Court


By: _____
Deputy Clerk

July    , 2006

13